E. H. Curds, Adm'r, *v.* Edward Curds, Ex'r.

**Executors and Administrators—Bond.**

It is not necessary that the record of the county court with reference to the qualification of an administrator and the execution of his bond, should contain the words "approved by the court" in order to make it a valid statutory bond.

**Executors and Administrators—Bond—Approval of.**

The fact that a party appeared in court and on his motion was appointed administrator de bonis non, and executed bond with certain persons as sureties thereon, amounts to a sufficient approval of the court of the bond, and makes it binding on the parties.

**Executors and Administrators—Action on Bond—Pleading.**

In an action on an administrator's bond, the mere allegation in substance that the administrator executed the bond for the performance of his duties according to law, is a conclusion of law and insufficient, since it should appear from the petition what the stipulations of the bond are, so that the court may know whether liability exists.

APPEAL FROM CALLOWAY CIRCUIT COURT.

· February 8, 1873.

Opinion by Judge Pryor:

The bond executed by the administrator de bonis non was in conformity with the provisions of the Revised Statutes, Section 10 of Article 2, Chapter 37. ·

It is not required that the record of the county court with reference to the qualification of an administrator and the execution of his bond should contain the words, "approved by the court," in order to make it a valid statutory bond.

That the party appeared in court and on his motion was appointed administrator de bonis non, and entered into bond with B. G. Martin, B. B. Noan and Edward Curd as sureties therein, is in our opinion a sufficient approval by the court of the instrument and renders it obligatory on the parties.

In the case of *Fletcher v. Leight, etc.,* 4 Bush 303, the bond was not approved or valid for the reason that no such bond as the one declared on had ever been signed or executed by the parties, and of course could not have been approved by the court.

It is manifest from the order that the parties were in court and the bond then executed and accepted—this is all the law requires, and is as much an approval as if the words of the statutes had been used.

The petition, however, fails to state a cause of action against the executor of Edward Curd, and the demurrer filed by him and over-ruled should have been sustained.

The terms and stipulations of the bond are not alleged, but only a statement in substance that the administrator executed bond for the performance of his duties according to law. This allegation, as has often been held by this court, is a mere conclusion of law, and it must appear from the petition what the stipulations of the bond are in order to enable the court to know whether any liability exists. *Montjoy's, Adm'r, v. Pearce,* 4th Met. 98; *Skillman v. Muirs, Adm'r,* same book, page 280; *Murphy v. Estis,* 6th Bush 532; *Hill v. Boyd,* 16 B. Monroe 557.

We are inclined to conclude, however, that inasmuch as the court below overruled the demurrer to the petition and adjudged against the appellant by reason of the insufficiency of the record that they should be allowed to amend their petition. This must be done at their costs and as they are in default must also pay the costs in this court. The judgment is therefore *reversed* at the costs of appellants and cause remanded with directions to permit them to amend their petition for further proceedings consistent herewith.

*R. D. Brown, W. J. Stubblefield, Bullock, for appellant.*

*Beecham, for appellee.*